**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Herbal Brands Incorporated, | No. CV-21-00577-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Photoplaza Incorporated, et al., | |
| Defendants. | |

Pending before the Court is Defendants' Motion to Dismiss. (Doc. 18.) Plaintiff filed a Response, (Doc. 19), and Plaintiff filed a Reply, (Doc. 20). Oral argument was scheduled for November 16, 2021, but the Court now vacates oral argument, finding that it is unnecessary. *See* LRCiv 7.2(f). The Court has reviewed the pleadings and the applicable law and now issues the following Order.

**I.    BACKGROUND**

Plaintiff, Herbal Brands, Inc. ("HBI"), is a Delaware corporation with its principal place of business in Tempe, Arizona. (Doc. 1 ¶ 1.) All Defendants are either New York corporations with their principal place of business in New York, or individuals who reside in New York. (*Id.* ¶¶ 3–15.) Plaintiff sells a wide range of "premium-quality health, wellness, fitness and nutritional products" through authorized sellers. (*Id.* ¶¶ 36–37.) Plaintiff alleges that Defendants are not authorized sellers of its products and are selling their products illegally using two online storefronts on Amazon.com, damaging its business reputation. (*Id.* ¶¶ 136–150.) The Complaint also alleges that Defendants have

purposefully directed and expressly "aimed their tortious activities at the State of Arizona and established sufficient minimum contacts with Arizona by, among other things, advertising and selling infringing products bearing Herbal Brands' trademarks to consumers within Arizona through a highly interactive commercial website, through the regular course of business, with knowledge that Herbal Brands is located in Arizona and is harmed in Arizona." (*Id.* ¶ 33.) Plaintiff alleges that Defendants knew that Plaintiff was located in Arizona because they sent them cease-and-desist correspondence. (*Id.*) Plaintiff alleges that Defendants continued to sell their products on Amazon despite the receipt of the cease-and-desist letter. (*Id.* ¶ 219.) Although Plaintiff alleges that Defendants sold their products to consumers in Arizona, (*Id.* ¶ 33), Plaintiff states that it cannot specify Defendants' sales volume in Arizona without discovery. (Doc. 19 at 6.)

Plaintiff brings claims against Defendants for (1) trademark infringement and unfair competition under the Lanham Act and Arizona law; (2) false advertising under the Lanham Act; and (3) tortious interference with contracts and business relationships under Arizona law. (Doc. 19 at 4.)

## II. LEGAL STANDARD

Prior to trial, a defendant may move to dismiss the complaint for lack of personal jurisdiction. *Data Disc, Inc. v. Systems Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977); Fed. R. Civ. P. 12(b)(2). Plaintiffs bear the burden of establishing personal jurisdiction. *Ziegler v. Indian River Cty.*, 64 F.3d 470, 473 (9th Cir. 1995). Where the motion is based on written materials rather than an evidentiary hearing, "the plaintiff need only make a prima facie showing of jurisdictional facts." *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990). In determining whether the plaintiff has met this burden, uncontroverted allegations in the plaintiff's complaint must be taken as true, and "conflicts between the facts contained in the parties' affidavits must be resolved in [the plaintiff's] favor for purposes of deciding whether a prima facie case for personal jurisdiction exists." *AT & T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996).

"When no federal statute governs personal jurisdiction, the district court applies the

law of the forum state." *Freestream Aircraft (Bermuda) Ltd. v. Aero Law Grp.*, 905 F.3d 597, 602 (9th Cir. 2018). Arizona exerts personal jurisdiction to the "maximum extent permitted by the Arizona Constitution and the United States Constitution." Ariz. R. Civ. P. 4.2(a); *see also A. Uberti and C. v. Leonardo*, 892 P.2d 1354, 1358 (Ariz. 1995) (analyzing personal jurisdiction in Arizona under federal law). Therefore, the analysis of personal jurisdiction under Arizona law and federal due process is the same. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800–01 (9th Cir. 2004).

Under the Due Process Clause, "[a]lthough a nonresident's physical presence within the territorial jurisdiction of the court is not required, the nonresident generally must have certain minimum contacts . . . such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Walden v. Fiore*, 571 U.S. 277, 283 (2014) (citations and internal quotations omitted). Courts "employ a three-part test to assess whether a defendant has sufficient contacts with the forum state to be subject to specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015). Where a case sounds in tort, as it does here, federal courts employ the "purposeful direction test" spelled out by *Calder v. Jones*, 465 U.S. 783, 788–89 (1984), in order to determine whether defendant has sufficient contacts with the forum state.[1] *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874

---

[1] All of Plaintiff's claims, including those brought under the Lanham Act, sound in tort. (Doc. 1 ¶¶ 248–358); *Marvix Photo, Inc. v. Brand Techs, Inc.*, 647 F.3d 1218, 1228 (9th Cir. 2011) (noting that copyright infringement is a "tort-like" cause of action and applying the purposeful direction test outlined by *Calder*).

F.3d 1064, 1069 (9th Cir. 2017).  Under this test, the defendants must have "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Id.* (quoting *Washington Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 673 (9th Cir. 2012)).

**III.  ANALYSIS**

Defendants argue that they are not subject to general or specific jurisdiction in Arizona.  (Doc. 18 at 4, 6.)  Plaintiff does not argue that the Court has general jurisdiction over Defendants, but only that it has specific jurisdiction over them because Defendants have sold products bearing Plaintiff's trademarks to consumers in Arizona through Amazon "with knowledge that Plaintiff is located and harmed in Arizona by Defendants' sales." (Doc. 19 at 1.)  Thus, only specific jurisdiction will be considered by the Court.

### A. Specific Personal Jurisdiction

Maintenance of a passive website alone cannot satisfy the express aiming prong.  *v. Brand Techs, Inc.*, 647 F.3d 1218, 1229 (9th Cir. 2011).  However, the operation of a passive website with "something more"—conduct directly targeting the forum—is sufficient.  *Id.*  In determining whether defendant has done "something more," the Ninth Circuit considers the interactivity of the defendant's website, among other factors.  *Id.*  A website is considered "interactive"—as opposed to passive—when "users can exchange information with the host computer." *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 418 (9th Cir. 1997).

Plaintiff characterizes Amazon as a "highly interactive online website."  (Doc. 19 at 5.)  Indeed, Amazon appears to constitute an interactive website under Ninth Circuit caselaw in that it collects information from consumers and allows them to buy merchandise for delivery to their home.  *See id.*  Even with an interactive website, plaintiffs must show "something more" to establish personal jurisdiction over defendants.  *ThermoLife Int'l LLC v. NetNutri.com LLC*, 813 F. App'x 316, 318 (9th Cir. 2020) (citing *Mavrix Photo*, 647 F.3d at 1229–31.

Here, application of the purposeful direction test shows that Defendants do not have

sufficient contacts with Arizona. Defendants clearly committed an intentional act by listing Plaintiff's products for sale on Amazon, satisfying the first prong. However, those activities were not expressly directed at the forum state. While Defendants likely knew that it was possible—perhaps even probable—that consumers in Arizona would purchase Plaintiff's products listed by Defendants on Amazon, as alleged, they took no further action besides listing the products for sale on the Amazon marketplace. The Complaint alleges that Plaintiff's advertised Plaintiff's products in Arizona through the Amazon website, (Doc. 1 ¶ 33), but this allegation is conclusory and does not provide any details about how Defendants specifically advertised the product in Arizona besides listing the products for sale on Amazon. Further, contrary to Plaintiff's claims, Defendants' sales of products in Arizona are completely unconnected to Plaintiff's claims. (Doc. 19 at 13.) That is, Plaintiff's claims did not arise solely as a result of sales of their products to Arizona consumers, but rather, due to the fact that Defendants sold their products illegally as an unauthorized seller nationwide on Amazon. Thus, as alleged in the Complaint, Defendants have not expressly aimed their activities at Arizona.

The fact that Plaintiff is located in Arizona and suffered harm from Defendants' conduct is insufficient to satisfy the purposeful direction test. *See Walden*, 571 U.S. at 289–90 ("Petitioner's actions in Georgia did not create sufficient contacts with Nevada simply because he allegedly directed his conduct at plaintiffs whom he knew had Nevada connections."); *Axiom Foods, Inc.*, 874 F.3d at 1070. "Since *Axiom*, courts in this circuit have agreed that 'infringement of a plaintiff's intellectual property rights with knowledge that plaintiff's operations are based in the forum and that the harm will be felt there, is insufficient to establish personal jurisdiction without a further showing that the defendant otherwise expressly aimed its activities at the forum.'" *Modulus Fin. Eng'g Inc. v. Modulus Data USA Inc.*, No. CV-19-04685-PHX-SMB, 2020 WL 2512785, at *4 (D. Ariz. May 15, 2020) (quoting *Theos Med. Sys., Inc. v. Nytone Med. Prod., Inc.*, No. 19-cv-01092-VKD, 2020 WL 500511, at *7 (N.D. Cal. Jan. 31, 2020)). Although Plaintiff makes much of the fact that it sent Defendants a cease-and-desist letter and Defendants continued to sell

Plaintiff's products, Plaintiff ignores the fact that there are no allegations that Defendants conduct had anything to do with Arizona. Therefore, these allegations are insufficient to show conduct expressly aimed at Arizona.

The Court's decision accords with other cases decided in the Ninth Circuit. For example, in *ThermoLife Int'l LLC*, 813 F. App'x at 318, the Ninth Circuit affirmed the dismissal of an action for the lack of personal jurisdiction for similar reasons. In that case, the defendant was a New Jersey based online retailer who ran a website through which it sold numerous products nationwide. *ThermoLife Int'l LLC v. NetNutri.com LLC*, No. CV-18-04248-PHX-JJT, 2019 WL 3220547, at *1 (D. Ariz. July 17, 2019). Plaintiff—an Arizona company—brought claims under the Lanham Act, unfair competition, and civil conspiracy. *Id.* The district court dismissed the case for lack of personal jurisdiction because the plaintiff did not "identify a single fact or allegation that would constitute 'something more' than Defendant's online sales to customers who happen to be in Arizona." *Id.* at *3. The Ninth Circuit affirmed the ruling. 813 Fed. App'x 316. The court reasoned that, although a small percentage of the defendant's sales had been to Arizona consumers, the plaintiff could not establish specific personal jurisdiction through nonspecific, nationwide sales because any contact with Arizona would be "random, fortuitous, or attenuated." *Id.* at *318 (quoting *Walden*, 571 U.S. at 286).

Plaintiff has failed to meet its burden of demonstrating that the Court has personal jurisdiction over Defendants. If Defendants can be haled into Arizona courts, then virtually any seller who places products for sale on Amazon can be haled into Arizona courts as well. However, the law in this circuit requires "something more." *See Marvix Photo, Inc.*, 647 F.3d at 1229.

### B. Jurisdictional Discovery

Plaintiff asks—in the event that the Court finds its allegations insufficient to show personal jurisdiction over Defendants—to be allowed to take jurisdictional discovery to find out how much product Defendants have sold in Arizona. A trial court has broad discretion as to whether to permit limited jurisdictional discovery. *Data Disk*, 557 F.2d at

1285 n. 1 (citing *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n. 24 (9th Cir. 1977)). The Court finds that jurisdictional discovery is unnecessary and would be a waste of time and resources. Nothing in Plaintiff's allegations or supporting declarations give the Court reason to believe that discovery would turn up anything more than a record of a sporadic smattering of sales to consumers in Arizona, which would be "random, fortuitous, and attenuated." *Walden*, 571 U.S. at 286. Accordingly, the Court denies Plaintiff's request for jurisdictional discovery.

## IV.     CONCLUSION

Having found that Plaintiff has failed to carry its burden to establish personal jurisdiction, the Court need not address the remaining arguments in Defendants' Motion to Dismiss. Accordingly,

**IT IS ORDERED** granting Defendants' Motion to Dismiss.

**IT IS FURTHER ORDERED** vacating the oral argument scheduled for November 16, 2021.

**IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment accordingly and terminate this case.

Dated this 15th day of November, 2021.

Honorable Susan M. Brnovich
United States District Judge